**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

U.S. BANK TRUST COMPANY, NATIONAL
ASSOCIATION (AS SUCCESSOR-IN-INTEREST TO
U.S. BANK, NATIONAL ASSOCIATION), AS
TRUSTEE, ON BEHALF OF THE REGISTERED
HOLDERS OF CITIGROUP COMMERCIAL
MORTGAGE SECURITIES INC., COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2013-GC15, ACTING BY AND THROUGH
ITS SPECIAL SERVICER, LNR PARTNERS, LLC,

          Plaintiff,

      v.

CAYUGA PROFESSIONAL CENTER, LLC;
A. FROST TRAVIS; MACK A. TRAVIS; and
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

          Defendants.

Civil Case No. 3:24-cv-540 (FJS/ML)

---

## CONSENT ORDER APPOINTING RECEIVER

THIS MATTER is before the Court upon the stipulation of the parties to the appointment

of a receiver to take possession and control of the real and associated personal property of

Defendant Cayuga Professional Center, LLC (the "Defendant" or "Borrower") pledged as

collateral to secure the obligations due to Plaintiff U.S. Bank Trust Company, National Association

(as Successor-in-Interest to U.S. Bank, National Association), as Trustee, on behalf of the

Registered Holders of Citigroup Commercial Mortgage Securities Inc., Commercial Mortgage

Pass-Through Certificates, Series 2013-GC15 (the "Plaintiff" or "Lender"), under the Note, Loan

Agreement, Mortgage, ALR and other Loan Documents, all as identified and defined in the

Complaint (the "Complaint")[1], including, without limitation, the Real Property located at 1301 Trumansburg Road, Ithaca, New York 14850 and commonly known as Cayuga Professional Center (collectively, the "Real Property"), as well as all improvements, leases, equipment, fixtures, personal property, accounts, rent, revenues, intellectual property and trade names associated therewith (collectively, the "Receivership Estate").

Upon review of the Order to Show Cause, the pleadings and papers submitted in support thereof, the other pleadings and papers on file in this case, having carefully considered the entire record herein, and good cause appearing therefor, the Court FINDS as follows:

The Court makes the following findings in support of this Order:

1.      As set forth in the Loan Documents, the parties stipulated to jurisdiction and venue in the State of New York and the Court has proper jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2.      The Real Property at issue in this action is located in the Northern District of New York and federal law governs the issue of whether a federal court should appoint a receiver in a diversity action. *See, e.g., KeyBank Nat'l Ass'n v. Monolith Solar Assocs. LLC*, No. 1:19-CV-1562, 2020 WL 1157650, at *4 (N.D.N.Y. Mar. 10, 2020); *U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F.Supp.2d 602, 610 (S.D.N.Y. 2012); *Varsames v. Palazzolo*, 96 F.Supp.2d 361, 365 (S.D.N.Y. 2000).

3.      The Order to Show Cause sufficiently alleges that (i) the Borrower defaulted under the Loan Documents; (ii) the Borrower has failed or refused to turnover or account for excess cash

---

[1]   All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

flow from the Real Property; and (iii) that immediate and irreparable injury may result in the event a receiver is not appointed.

4.      Good cause exists for the appointment of a receiver in order to preserve and protect the Receivership Estate as there is imminent danger of the Real Property being injured or diminished in value, and the probability that harm to Plaintiff by denial of the appointment would be greater than the injury to the Borrower.

5.      The proposed receiver, William C. Colucci of Cushman & Wakefield/Pyramid Brokerage Company ("Cushman & Wakefield"), is not a party, attorney, or person interested in this action.  Mr. Colucci is qualified to serve as receiver in this matter.

Based on the foregoing findings, the Court therefore grants the relief requested in the Order to Show Cause.  It is therefore **ORDERED, ADJUDGED AND DECREED** that:

**A. <u>Appointment of Receiver</u>**

1.      William C. Colucci of Cushman & Wakefield (the "<u>Receiver</u>") is appointed receiver herein with respect to the Receivership Estate, with all of the powers and duties set forth in 28 U.S.C. § 3103 and as additionally set forth herein. The Receiver shall provide a bond in the amount of $75,000 as security for the due and proper performance of his duties as Receiver.

2.      No member, partner, or shareholder of the Receiver, or any entity related thereto, shall be affiliated with any Defendant or Plaintiff; and no Defendant or Plaintiff shall be a member, partner or shareholder of the Receiver.

3.      For services rendered, the Receiver shall be compensated in the amount of $500 per month.

**B.  <u>The Receiver's Powers</u>**

1.      Pursuant to 28 U.SC. § 3103(b)(1), the Receiver has the Power to (A) take possession of, hold, secure, take charge of, preserve and protect the Receivership Estate, and sue for, collect, and sell obligations upon such conditions and for such purposes as directed by this Court; and (B) administer, collect, improve, lease, repair or sell the property of the Receivership Estate.

2.      The Receiver is vested with all of the powers and duties that are conferred upon property receivers by law or by the usages and customs of equity, and shall perform his duties under the supervision of the Court. By this Order, in addition to the powers afforded by 28 U.S.C. § 3103, the Receiver shall have the power, and is authorized and directed, to in his sole discretion and immediately upon entry of this Order:

    i.     Take and have possession, custody, control, management, operation and charge of the Receivership Estate and any rents, income, issues and profits arising therefrom, provided however, all funds in any account maintained by the Receiver pursuant to this Order shall remain collateral for the Loan pursuant  to the Loan Documents;

    ii.    Operate any businesses deriving from the Receivership Estate, including, without limitation, preservation, use, sale, lease, license, collection, or disposition of the Receivership Estate in the ordinary course of business; provided, however that written consent of Plaintiff shall be required prior to the sale or disposition of any portion of the Receivership Estate valued in excess of $50,000 or for any lease of Real Property;

    iii.    Continue the management, operation, and maintenance of the Real Property and to exercise all powers necessary to facilitate the operation of the Premises; provided, further that the Receiver shall have the right to terminate the Borrower's existing property management firm without fee or penalty;

    iv.    Delegate some or all of his authority under this Order to (and to engage and compensate) one or more property management firms, including, without limitation, Cushman & Wakefield, subject to Plaintiff's approval;

v.      Expend funds to purchase merchandise, materials, supplies and services as the Receiver deems necessary and advisable to assist him in performing his duties hereunder and to pay such expenses at the ordinary and usual rates and prices out of the funds that may come into the Receiver's possession, in an amount not to exceed a $15,000.00 line item variance in the Receiver's Budget (as defined below), absent the express written consent of Plaintiff, except to the extent an emergency arises, or further order of this Court;

vi.     Secure tenants and execute leases for the Real Property;

vii.    Apply receipts to payment of ordinary operating expenses, including rents and other expenses of management;

viii.   Establish or maintain one or more bank accounts in the Receiver's name for his operations as Receiver in this matter at any federally insured bank with offices in the State of New York as reasonably needed to conduct rental operations and other matters on behalf of the Borrower. The Receiver shall keep a true and accurate account of any and all receipts and disbursements;

ix.     In the ordinary course of business, incur unsecured debt and pay expenses incidental to the Receiver's preservation, use, sale, lease, license, exchange, collection, or disposition of the Receivership Estate;

x.      Construct tenant improvements and/or make any repairs to the Receivership Estate that the Receiver, in his discretion deems necessary or appropriate, in an amount not to exceed a $15,000.00 line-item variance in the Receiver's Budget, absent the express written consent of Plaintiff or further order of this Court; provided, however, that Plaintiff's consent shall not be necessary if an emergency arises;

xi.     Maintain the existing casualty and liability insurance required in accordance with the Loan Documents or applicable to the Receivership Estate;

xii.    Carry additional casualty and liability insurance as is reasonably available and reasonable as to amounts and risks covered;

xiii.   Pay taxes, which may have been or may be levied against the Real Property;

xiv.    After consultation with Plaintiff, engage professionals including, but not limited to, attorneys, accountants, appraisers, auctioneers, property managers, leasing agents, brokers or other professional persons, including other Cushman & Wakefield personnel, to assist in the performance of the Receiver's duties and as otherwise necessary for purposes of managing, operating and maintaining the Receivership Estate;

xv.      Assert a right, claim, cause of action, or defense of the Borrower against any party other than Plaintiff, which relates to the Receivership Estate, except for any existing or future claims covered in whole or in part by the Borrower's insurance policies and defended by the Borrower's insurance carrier or third party administrator;

xvi.     Upon subpoena, compel a person to submit to examination under oath, or to produce and permit inspection and copying of designated records or tangible things, with respect to the Receivership Estate or any other matter that may affect administration of the Receivership Estate;

xvii.    Seek and obtain instruction from the Court concerning the Receivership Estate, the exercise of the Receiver's powers, and the performance of the Receiver's duties;

xviii.   Hold receipts as reserves as reasonably required to carry out the Receiver's duties as set forth in this Order;

xix.     Adopt or reject an executory contract of the owner (such as any existing management agreement, any real estate listing, brokerage, sales or leasing agent agreement or any other obligation contract or agreement), which shall not be binding on the Receiver or the Receivership Estate; and

xx.      Exercise any power conferred by further order of this Court.

3.      The Receiver is authorized to institute and prosecute all proceedings and actions at law, or in equity as may in his judgment be reasonably necessary for the proper maintenance, management, operation, leasing, and protection of the Receivership Estate, including actions to recover rents, revenue, profits and other income due with respect to the Receivership Estate; provided, however that the Receiver shall consult with and obtain written approval of Plaintiff; provided further, however, that Plaintiff's prior approval shall not be necessary if an emergency arises, but approval should be obtained as soon as circumstances permit.

4.      The Receiver, in consultation with and upon approval of Plaintiff, is authorized to undertake any and all necessary actions to contest the assessment of real property taxes with respect to the Receivership Estate and prosecute any appeal thereof and retain necessary counsel in seeking a reduction of the current tax assessment and valuation of the Receivership Estate. The

Borrower is directed to provide necessary assistance and consent (including, but not limited to, execution of any documentation deemed appropriate or required by the Receiver from the Borrower) to facilitate or enable prosecution of matters seeking a reduction in the applicable property tax for the Receivership Estate.

5.      The Receiver is authorized to enter into, modify, or renew any lease or license agreement, including terminating burdensome leases, repair, or maintenance agreements with respect to the Receivership Estate, for any space located therein, on such terms or conditions, as the Receiver deems appropriate.  The Receiver is authorized to employ and compensate one or more leasing agents for the Real Property, including, without limitation, leasing agents from Cushman & Wakefield.

6.      The Receiver is authorized and empowered to receive and collect all money now or hereafter owing to the Borrower with respect to the Receivership Estate, and to execute, assign, issue, and endorse any and all checks, bills of sale, contracts, bills of lading or exchange any other documents necessary or convenient for any purpose pursuant to this Order, and to enter into arrangements or compromise any claims; provided that if such arrangement or compromise involves an amount in excess of a $5,000.00 line item variance in the Receiver's Budget, the same shall be subject to Plaintiff's approval; provided, however that Plaintiff's prior approval shall not be necessary if an emergency arises.

7.      After consultation with the Plaintiff, and after Court approval upon notice and hearing, the Receiver is authorized to take any other actions that the Receiver deems necessary to protect the Receivership Estate or perform his duties hereunder.

**C. <u>The Receiver's Duties to the Court</u>**

1.      In exercising the powers afforded to the Receiver the Receiver is directed to:

     i.          Manage and conserve the assets of the Receivership Estate and demand, collect and receive the rents, issues and profits arising from the Receivership Estate. The Receiver shall keep all monies received from the Receivership Estate separate from the monies received from any other source and shall not commingle any monies received from the Receivership Estate with any other monies collected by the Receiver; and

     ii.          Operate and manage the Receivership Estate, subject to the terms of this Order and further orders of the Court.

2.       Upon entry of this Order, the Receiver shall be responsible for the maintenance of adequate property and liability insurance respecting the Receivership Estate, utilizing the Borrower's existing policies or securing new policies, for the entire term of the Receiver's appointment. The insurance policies, which the Receiver will maintain, shall provide all risk property insurance coverage and other coverages on the Receivership Estate and improvements thereon in such amounts as will adequately protect Plaintiff's security interest and the interests of the Receiver and other parties as their interests may appear, in amounts not less than as required in the Loan Documents with respect to the interest of Plaintiff.  The Receiver shall be entitled to receive and hold any premium refunds from any existing insurance policies for the benefit of the Receivership Estate, subject to Plaintiff's security interest, with the disposition thereof subject to further order of the Court.  Upon the Receiver securing new insurance policies, the Borrower shall have no obligation to maintain insurance for the Property.

**D.  <u>The Receiver's Reporting Requirements</u>**

1.       The Receiver shall prepare and submit to the Plaintiff and the Borrower a proposed operating budget and capital budget for 2024 for the Property within sixty (60) days of the Receiver's appointment, and thereafter by November 30th for each succeeding calendar year (the "<u>Budget</u>").

2.      As the Receiver receives money from the Receivership Estate, the Receiver shall: (a) first,  reimburse all reasonable costs and expenses incurred by the Receiver or the Receiver's delegates incurred in connection with continued management, operation and maintenance of the Receivership Estate, including fees or expenses incurred pursuant to all of the provisions articulated herein; (b) second, pay insurance premiums for the Real Property; (c) third, pay the reasonable management fees for managing the Real Property; (d) fourth, pay the Receiver its fees as approved by the Court; (e) fifth, pay expenses of the Receivership Estate authorized by the Court; (f) sixth, Receiver shall retain in his possession working capital reasonably required by the Receiver for the operation of the Receivership Estate; and (g) seventh, remit to Plaintiff all excess cash in the Receiver's possession, if any, which Plaintiff shall apply towards payment of any advances made pursuant to the terms of this Order and the indebtedness that is the subject of the action.

3.      Within ninety (90) calendar days of appointment and every ninety (90) calendar days thereafter, the Receiver shall file with this Court and furnish to Plaintiff and the Borrower, a statement of receipts and disbursements incurred during the immediately preceding ninety (90) calendar days and describing the activities undertaken by the Receiver and providing an accounting of the monies received from the Receivership Estate and paid for managing, operating and maintaining the Receivership Estate. Such statement shall be in reasonable detail so that anyone reviewing the statement can determine the object of the disbursement and the source of the receipt, and shall be prepared in accordance with generally accepted accounting principles (GAAP) with cash basis reporting as appropriate or in a format otherwise acceptable to Plaintiff. Notwithstanding the foregoing, the Receiver shall provide monthly reports to Plaintiff and the Borrower regarding the receipts and expenditures at the Receivership Estate.

4.      Notwithstanding any other provisions hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of the Borrower for income or other taxes arising before the date of this Order.  The Receiver and the Receivership Estate shall not be liable for the payment of taxes of any kind, assessments, goods or services provided to the Borrower for the Receivership Estate prior to the date of this Order.

**E.  Retention of Broker and Potential Asset Sale:**

1.      The Receiver may engage a real estate broker to market the Receivership Estate property for sale.  Any sale, whether in the ordinary course of business, at public auction, by public tender, or private sale, or on such other terms or conditions as the Receiver deems appropriate, shall be free and clear of all liens, claims, encumbrances, and interests; all valid security interests, liens, claims, and other interests, if any, shall attach to the proceeds of such sale(s) and shall further be subject to approval of Plaintiff and of the Court.

**F.  Limitations on Liability of Receiver and His Agents:**

1.      Neither the Receiver nor the Receivership Estate property shall have any liability for any obligation, duty, or expense that was incurred prior to the date of the Receiver's appointment as the Receiver over the Receivership Estate.

2.      The Receiver is entitled to rely upon all outstanding rules of law and orders of this Court, and shall not be liable to anyone for his own good faith compliance with any order, rule, law, judgment or decree, including, without limitation, this Order. In no event shall the Receiver be liable to anyone for any loss or damage (i) incurred by the Borrower; or (ii) with respect to the performance of his duties and responsibilities as Receiver, or for any actions taken or omitted by him, except upon a finding by this Court that he engaged in an act of gross negligence or willful misconduct.

3. This Court shall retain jurisdiction over any action filed against the Receiver or his agents based upon acts or omissions committed in their representative capacities.

**G. Termination of Receivership:**

1. If and when title transfers as a result of a judicial foreclosure, or upon the sale of the Real Property pursuant to a further order or orders of this Court, or upon payment of the Loan in full, and without further order of this Court, the Receiver shall within thirty (30) days of such occurrence move the Court to be discharged and relieved from this Order and shall render a final report to the Court, to Plaintiff and to the Borrower concerning the operations of Receivership Estate. Thereafter, the parties shall have twenty-one (21) days after the filing of discharge motion in which to raise any objections to the Receiver's final report. This Court expressly retains continuing jurisdiction over this receivership until after the rendition of the final report by the Receiver and the entry of an order discharging the Receiver.

**H. Access to Books, Records and Accounts:**

1. All persons and entities with direct or indirect control over the assets within the Receivership Estate, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing, assets of the Receivership Estate. All of the Borrower's financial institutions are directed to turn over to the Receiver any and all proceeds held in the Borrower's accounts pertaining to the Receivership Estate.

2. The Receiver is authorized to take immediate possession, wherever stored and however maintained, of any and all accounts, including financial accounts, lockboxes, security deposits, books and records, electronically stored information, passcodes, intellectual property, including, without limitation, website data, website URLs, digital assets, and social media

accounts, as well as all unexpired licenses and permits, and all other documents or instruments relating to the Receivership Estate.

3.     Any persons receiving notice of this Order by personal service, electronic mail, facsimile transmission, or otherwise, having possession, wherever stored and however maintained, of the property, business, books, records, accounts, lockboxes, security deposits, electronically stored information, passcodes, intellectual property, including, without limitation, website data, website URLs, digital assets, and social media accounts, unexpired licenses and permits, or assets of the Receivership Estate are directed to deliver same to the Receiver, his agents, his attorneys and/or his employees within three (3) business days of receipt of such notice.  For the avoidance of doubt, this provision shall not apply to any escrow, reserve, cash management, or similar accounts in the possession or control of Plaintiff.

4.     All banks, clearing firms, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control, wherever stored and however maintained, of any assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, funds or accounts held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Estate, that receive actual notice of this Order by personal service, electronic mail, facsimile transmission or otherwise shall:

      i.   Not liquidate, transfer, sell, convey or otherwise transfer any assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, funds, and/or accounts in the name of the Receivership Estate, except upon instructions from the Receiver;

     ii.   Not exercise any form of set-off, alleged set-off, recoupment, lien, or any form of self-help whatsoever, or refuse to transfer any assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, funds, and/or accounts to the Receiver's control without the permission of this Court; and

      iii.  Cooperate expeditiously in providing information and assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, funds, and/or accounts to the Receiver or at the direction of the Receiver.

5.     The Borrower shall promptly make available at the Receivership Estate, or deliver to the Receiver, all of the books, records, documents, papers, and insurance information relating to the management, operation, and maintenance of the Receivership Estate, which is in the Borrower's possession or control, wherever stored and however maintained. The Borrower shall provide Receiver with its federal employment identification numbers for the Receiver's use on a limited basis as necessary.

**I.**  **<u>Borrower's Duties</u>**:

1.     The Borrower shall cooperate with and assist the Receiver in the performance of the Receiver's duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising his authority and discharging his responsibilities under this Order in as timely of a manner as practical.

2.     The Borrower shall turn over to the Receiver all monies collected by or on behalf of the Borrower or its agents from the Receivership Estate, including but not limited to, rents, income, and security deposits that remain in their possession or control.  The Borrower is authorized to retain copies of all documents delivered or made available to the Receiver, however, all such copies that the Borrower wishes to retain shall be made at their sole expense.

3.     The Borrower shall cooperate with the Receiver in the discharge of his duties hereunder and shall take all reasonable steps necessary to comply with this Order and other orders of the Court as well as all applicable laws and/or rules and, absent further order of the Court, is prohibited from interfering with the use, management, possession and control of the Receivership Estate by the Receiver, and from in any way, manner or means wasting, disposing of, transferring,

selling, assigning, pledging, canceling, concealing, interfering with, or hypothecating any of the assets of the Receivership Estate or the Borrower's books and records, wherever stored and however maintained.

4.      The Borrower and its employees are prohibited from removing any personal property from the Receivership Estate or diverting any income therefrom, and the Receiver is hereby granted the right to open and review all mail directed to the Borrower or its representatives pertaining to the Receivership Estate.

5.      The Borrower, its officers, directors, employees, partners, representatives, and agents are restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written consent of the Receiver, which would:

     i. Interfere with the Receiver's efforts to take control, possession, or management of any of the Receivership Estate's property; such prohibited actions include, but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any of the Receivership Estate's property;

    ii. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include, but are not limited to, concealing, destroying or altering records or information;

   iii. Dissipate or otherwise diminish the value of any of the Receivership Estate's property; such prohibited actions include, but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any of the Receivership Estate's property, enforcing judgments, assessments or claims against the Receivership Estate or its property, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Borrowers or the Receivership Estate or which otherwise affects any of its property; provided, that the foregoing shall not limit any person or entity that is a party to a current and valid written contract with a Defendant from exercising such party's rights under such contract;

iv.  Dissipate, withdraw, transfer, remove, dispose or conceal any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of the Receivership Estate, including, but not limited to, all funds, personal property, equipment, inventory, parts, or financing relating to the foregoing, monies, funds, or securities held in the Receivership Estate's name, jointly or individually, whether held or maintained in safety deposit box, or clearing firm, brokerage firm, or other financial institution, bank, or savings and loan accounts that are under the actual or constructive control, or in the name of the Borrower or the Receivership Estate, jointly or individually;

v.  Destroy, mutilate, conceal, alter or dispose of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tapes, or other property of the Borrowers or the Receivership Estate or of any entities constituting the Receivership Estate wherever located; or

vi.  Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

**J.  <u>Third Party Obligations</u>**:

1.  All parties, including, without limitation, all tenants of the Receivership Estate, are directed to make all rental payments directly to the Receiver.

2.  Any security or other deposits, which tenants have paid to the Borrower or its agents and which were not paid to the Receiver and over which the Receiver has no control, shall remain obligations of the Borrower.  Any other security deposits or other deposits which tenants have paid or may pay to the Receiver shall be refundable by the Receiver in accordance with the terms of the leases or agreements, or turned over to a subsequent property owner or returned to the Borrower and credited to the account of the tenant that originally posted the security.

3.  Financial institutions and other third parties in possession of funds belonging to the Borrower and pertaining to or arising from the Receivership Estate shall immediately release such funds to the Receiver.  For the avoidance of doubt, this provision shall not apply to any escrow, reserve, cash management, or similar accounts in the possession or control of the Plaintiff.

4.      The Receiver shall not be responsible for payment of any expenses, utility bills or unpaid payroll expenses incurred by, or for the benefit of, the Real Property prior to the Receiver's taking possession of the Real Property; provided, however, that nothing herein shall preclude the Receiver from making payment of one or more expenses incurred by the Borrower prior to the appointment of a Receiver should he deem it necessary or advisable to do so.  The Borrower shall request that all utilities companies and other providers of utility services not discontinue any services being provided to the Real Property. Each utility company or entity providing service to the Real Property is authorized to forthwith transfer any deposits which it holds in connection with the Real Property to the exclusive control of Receiver. The Receiver is authorized to open new customer accounts with each utility that provides services to the Real Property, or require Borrowers to name Receiver as an authorized user of any of the existing utility accounts for the Real Property.

**K.  Plaintiff's Duties:**

1.      Plaintiff may, in its sole and absolute discretion, advance funds for purposes of funding the expenses of the Receivership Estate.  At any point in time during the Receivership, should Plaintiff elect not to advance funds necessary to fully and adequately finance the Receivership Estate, the Receiver may seek alternate funding sources, subject to approval by the Court and Plaintiff.  In no event shall Receiver be required to advance funds on behalf of the Receivership Estate.

2.      Any and all amounts advanced by Receiver shall become expenses of administration of the Receivership, shall be reimbursable directly to Plaintiff, shall constitute obligations of the Borrower to the extent provided under the Loan Documents, and shall be secured by a first-priority lien on the Receivership Estate.

3.      Plaintiff's request for this Receivership, the taking of any action in conformity with this Receivership, or the acceptance of any payments pursuant to this Receivership, shall not in any way constitute a release or waiver by Plaintiff of any existing event of default, and Plaintiff shall be entitled to all of the rights and remedies available to it prior to the institution of this Receivership proceeding.

4.      Nothing in this Order shall be read or interpreted as requiring Plaintiff to continue to extend credit to Borrower, and Plaintiff shall continue to have all rights and remedies to which it is entitled under its Loan Documents and pursuant to applicable law, subject to the terms of this Order.

**L.  Notice to Receiver**

All notices in this proceeding shall also be sent to the Receiver as follows:

Cushman & Wakefield/Pyramid Brokerage Company
5845 Widewaters Parkway, Suite 200
East Syracuse, New York 13057
Attn:  William C. Colucci
wcolucci@pyramidbrokerage.com

**IT IS SO ORDERED.**

__June 13, 2024__
Date

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

**SEEN, STIPULATED AND AGREED:**

*Adam G. Possidente (with permission)*

Michael A. Guerra
Adam G. Possidente (admitted pro hac vice)
Venable LLP
151 W. 42nd Street, 49th Floor
New York, New York 10036
Telephone: (212) 307-5500
maguerra@venable.com
agpossidente@venable.com

-and-

Heather Deans Foley (admitted pro hac vice)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
hdfoley@venable.com

*Counsel for Plaintiff U.S. Bank Trust Company,*
*National Association (as Successor-in-Interest*
*to U.S. Bank, National Association), as Trustee,*
*on behalf of the Registered Holders of Citigroup*
*Commercial Mortgage Securities Inc.,*
*Commercial Mortgage Pass-Through Certificates,*
*Series 2013-GC15*


Edward Y. Crossmore
Crossmore & Tiffany
115 West Green Street
Ithaca, New York 14850
Telephone: (607) 273-5787
EYCrossmore@crossmore.com

*Counsel for Defendants Cayuga Professional Center, LLC,*
*A. Frost Travis and Mack A. Travis*

18